**Case No. 8:15-cv-01844-VAP**

_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

_____

In Re: WALLDESIGN, INC., a Subchapter S Corporation,

*Debtor,*

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALLDESIGN, INC.,

*Plaintiff and Appellee,*

v.

AARON POTT and HUIS CLOS CONSULTING, LLC,

*Defendants and Appellants,*

_____

*Appeal from a Summary Judgment of the United States Bankruptcy Court for the Central District of California (Southern Division – Santa Ana) · Honorable Catherine Bauer Bankruptcy Court Case No. 8:12-bk-10105-CB · Adversary No. 8:13-ap-01413-CB*

_____

## APPELLANTS AARON POTT'S AND HUIS CLOS CONSULTING, LLC'S OPTIONAL REPLY BRIEF

_____

David M. Wiseblood (SBN 115312)
Law Offices of David M. Wiseblood
601 Montgomery Street, Suite 2000
San Francisco, CA 94111-2624
*Attorneys for Defendants and Appellants,*
*Aaron Pott and Huis Clos Consulting, LLC*

# **TABLE OF CONTENTS**

I.      INTRODUCTION…………………………………………………………………..1

II.     APPELLEE HAS STATED THE WRONG STANDARD OF REVIEW ON
        APPEAL ........................................................................................................................ 1

III.    ARGUMENT – THIS COURT SHOULD REVERSE THE BANKRUPTCY
        COURT'S SUMMARY JUDGMENT BECAUSE IT IS CONTRARY TO LAW ........ 3

        A.  The Bankruptcy Court Impermissibly Weighed Evidence and Made Creditability
            Determinations on Summary Judgment Mandating Reversal…………………….3

        1.  The Bankruptcy Court's Procedure of Weighing Evidence and Evidence and
            Assessing Credibility is Contrary to Law and Requires Reversal. .........................3

        2.  The Bankruptcy Court's Acknowledged Error was Anything but "Harmless"…….4

        3.  Nothing in The Record Supports Affirmance of the Summary Judgment. The
            Lower Court Could Not Conclude No Reasonably Equivalent Value as a Matter
            of Law ...................................................................................................................5

        B.  The Bankruptcy Court Overruled Appellee's Evidentiary Objections in a Formal
            Order from Which No Appeal is Pending, and Appellee's Redundant Analysis is
            Patently Wrong…………………………………………………………………...13

        C.  There was No Proper Basis for the Bankruptcy Court or this Court to Disregard
            Aaron Pott's Declaration on Expediency or Any Other Grounds………………..16

        D.  Mr. Pott's Declaration Does Not Contravene FRCP 37(c)(1) and Appellee Waived
            this Argument by Never Raising It……………………………………………….17

        E.  Appellants Have Not Shifted Facts or Made Inconsistent Arguments on The Core
            Issues in this Matter……………………………………………………………….18

        F.  The Bankruptcy Court in Any Event Committed Clear Error in Ruling as a Matter
            of Law That the Preferred Transfers Were Actual Fraudulent Transfers…………19

        1.  The Bankruptcy Court Could Not Determine Actual Fraudulent Intent  on this
            Record and Few Courts Have Ever Done So in General. ......................................19

        2.  The Bankruptcy Court Could Not Decide Insolvency on Summary Judgment.....20

        G.  The Bankruptcy Court Erred In Adjudicating Away Appellants' Defenses  on
            Summary  Judgment  Assuming  the  Trustee  Had  Made  Out  His  Affirmative
            Claims……………………………………………………………………………22

        H.  The Bankruptcy Court Abused Its Discretion in Denying a Continuance……….25

IV.     CONCLUSION ........................................................................................................... 25

## **TABLE OF AUTHORITIES**

### Federal Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .. 1, 2, 3

*Wank v. Gordon* (*In re Wank*), 505 B.R. 878 (9th Cir. 2014) ....................................... 1

*Gladstone v. Schaefer* (*In re UC Lofts On 4th, L.L.C.*), 2015 Bankr. LEXIS 3009 (Sept. 4, 2015) ................................................................................................................................ 2

*Decker v. Tramiel* (*In re JTS Corp.*), 617 F.3d 1102 (9th Cir. 2010) ............................... 2

*Whitman v. Mineta*, 541 F.3d 929 (9th Cir. 2008) ......................................................... 2, 3

*Wolkowitz v. Beverly* (*In re Beverly*), 374 B.R. 221 (B.A.P. 9th Cir. 2007) ................... 2, 19, 20

*Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003) ........................................................ 2

*Coe v. Schaeffer*, 2016 U.S. Dist. LEXIS 61365 (E.D. Cal. May 9, 2016) ................... 2

*Baroni v. Nationstar Mortg., L.L.C.* (*In re Baroni*), 2015 Bankr. LEXIS 3859 (B.A.P. 9th Cir. Nov. 10, 2015) ............................................................................................................. 3

*Brandon v. Sherwood* (*In re Sann*), 2016 Bankr. LEXIS 1857 (Bankr. D. Mont. Apr. 28, 2016)..4

*Heller Ehrman L.L.P. v. Jones Day* (*In re Heller Ehrman L.L.P.*), 2013 Bankr. LEXIS 889 (Bankr. N.D. Cal. Mar. 11, 2013) ................................................................................... 4, 24

*Roberts v. Albertson's L.L.C.*, 464 F. App'x 605 (9th Cir. 2011) ................................... 4

*Las Vegas Sands, L.L.C. v. Nehme*, 632 F.3d 526 (9th Cir. 2011) ................................ 4, 5

*Janvey v. Golf Channel, Inc.*, 780 F.3d 641 (5th Cir. 2015) .......................................... 7

*In re Prejean*, 994 F.2d 706 (9th Cir. 1993) .................................................................. 7

*Henshaw v. Field* (*In re Henshaw*), 485 B.R. 412 (D. Haw. 2013) ............................... 7

*Kriegman v. Wallin Harrison, Public Ltd.* (*In re LLS Am., LLLC*), 2013 Bankr. LEXIS 5122 (Bankr. E.D. Wash. Dec. 4, 2013) ................................................................................. 9

*Mellon Bank v. Metro Commc'ns, Inc.*, 945 F.2d 635 (3d Cir. 1991) ........................... 10

*Neilson v. E. & F. Fin. Servs.* (*In re Cedar Funding, Inc.*), 2011 Bankr. LEXIS 4572 (Bankr. N.D. Cal. Nov. 22, 2011) ............................................................................................... 11

*Donell v. Kowell*, 533 F.3d 762 (9th Cir. 2008) ............................................................ 11, 14

*Anthony v. Nigro*, 784 F.3d 495 (9th Cir. 2015) ........................................................... 16

*Nigro v. Sears, Robuck & Co*, 784 F.3d 495 (9th Cir. 2015) ....................................... 16

*Kesey, L.L.C. v. Francis*, No. CV.06-540-AC, 2009 U.S. Dist. LEXIS 28078 (D. Or. Apr. 3, 2009) .............................................................................................................................. 17

*Wolff v. Padja, Inc.*, No. 1:14-cv-01466-CL, 2016 U.S. Dist. LEXIS 6302 (D. Or. Jan. 20, 2016) ................................................................................................................................ 17

*De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874 (9th Cir. 2000) ...................... 18

*Greenspan v. Orrick, Herrington & Sutcliffe L.L.P.* (*In re Brobeck, Phleger & Harrison L.L.P.*), 408 B.R. 318 (Bankr. N.D. Cal. 2009) ............................................................................ 20

*Arrow Elecs., Inc. v. Justus* (*In re Kaypro*), 218 F.3d 1070 (9th Cir. 2000) ............................... 21

*Flashcom, Inc. v. Communs Ventures III, LP* (*In re Flashcom, Inc.*), 503 B.R. 99 (C.D. Cal. 2013) ..................................................................................................................................... 21

*Kendall v. Sorani* (*In re Richmond Produce Co.*), 151 B.R. 1012 (Bankr. N.D. Cal. 1993) ....... 21

*Arrow Elecs., Inc. v. Justus* (*In re Kaypro*), 230 B.R. 400 (B.A.P. 9th Cir. 1999) .................... 21

*Golden v. Clay Lacy Aviation, Inc.* (*In re Aletheia Research & Mgmt.*), 2015 Bankr. LEXIS 4145 (B.A.P. 9th Cir. Dec. 10, 2015) ........................................................................................ 22

*Lawrence v. Bonadio, Insero & Co.* (*In re Interco Sys.*), 202 B.R. 188 (Bankr. W.D.N.Y. 1996) ........................................................................................................................................... 23

## State Cases

*Slater v. Bielsky*, 183 Cal. App. 2d 523 (1960) .......................................................................... 20

## Federal Statutes

Fed. R. Civ. P. 56(a) ....................................................................................................................... 2

11 U.S.C. § 550(b) ........................................................................................................................... 5

11 U.S.C. § 548(a) ........................................................................................................................... 9

11 U.S.C. § 548(d) ........................................................................................................................... 9

11 U.S.C. § 101(5) .......................................................................................................................... 10

11 U.S.C. § 548 ................................................................................................................... 5, 11, 23

11 U.S.C. § 548(d)(2)(A) ............................................................................................................... 11

Fed. R. Evid. 801(c) ....................................................................................................................... 13

Fed. R. Evid. 801 ........................................................................................................................... 14

Fed. R. Evid. 801(d)(2) .................................................................................................................. 14

Fed. R. Evid. 807 ........................................................................................................................... 15

11 U.S.C § 101(10) ......................................................................................................................... 18

11 U.S.C. § 544(b) .......................................................................................................................... 20

11 U.S.C. § 550 .............................................................................................................................. 22

11 U.S.C. § 550(b)(1) ..................................................................................................................... 22

11 U.S.C.  §§ 544(b), 548(a)(1)(B) ............................................................................................... 22

Fed. R. Civ. Proc. 37 ...................................................................................................................... 17

11 U.S.C. § 548(a)(2)(B)(I) ........................................................................................................... 23

11 U.S.C. § 550(b)(1) ..................................................................................................................... 24

## State Statutes

Cal. Civ. Code §§ 3439.04(a), 3439.05 .......................................................................................... 5

Cal. Civ. Code § 3439.08 ....................................................................................................... 5, 24, 25

Cal. Civ. Code § 3439.04 ............................................................................................. 7, 20

Cal. Civ. Code § 3439.03 ............................................................................................. 7, 11

Cal. Civ. Code § 3439.08(a) ............................................................................................. 22

Cal. Civ. Code § 3439 ............................................................................................. 22, 23

Appellants Aaron Pott and Huis Clos Consulting, LLC ("Appellants") submit this reply brief in response to the lengthy brief of appellee Brian Weiss ("Appellee" or "Trustee" or "Mr. Weiss").

## I.       INTRODUCTION

Appellee virtually has conceded the need for this Court to reverse the Bankruptcy Court's summary judgment.   Mr. Weiss has *admitted* that the Bankruptcy Court weighed conflicting evidence and made credibility determinations in order to grant summary judgment against Appellants.  This is plain legal error under controlling precedent that mandates reversal.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Wank v. Gordon (In re Wank)*, 505 B.R. 878, 891 (9th Cir. 2014).  The Bankruptcy Court's error was not "harmless" as Appellee predictably and wrongly proclaims.  All applicable authorities hold that the Bankruptcy Court committed reversible error in granting summary judgment by weighing conflicting evidence and making credibility determinations.  Appellee's odd claim here, that Aaron Pott's summary judgment opposition declaration which was admitted into evidence over the objections of Appellee created no fact issues (i.e., the harmless error argument) because, Appellee claimed and claims, the evidence was inadmissible, is an impermissible collateral attack on the Bankruptcy Court's separate order overruling Appellee's evidentiary objections from which no appeal has been filed.  (E.R., 1422).  The analysis is patently incorrect as a matter of law in any case.  For this and the other reasons discussed below, the Court should reverse and remand.  Summary judgment in this type of case and on this record could not properly be granted.  The dearth of authority adjudicating on summary judgment issues such as reasonably equivalent value, intent, and good faith reinforces the point.

## II.      APPELLEE HAS STATED THE WRONG STANDARD OF REVIEW ON APPEAL

The standard of review on appeal from a summary judgment is <u>not</u> clearly erroneous as Appellee wrongly asserts in his brief at 4:2-9.  There Appellee states that a Bankruptcy Court's "*factual determination* is clearly erroneous if it is illogical, implausible, or without support in the record…[w]here there is admitted evidence in the record to support the bankruptcy court's fact

1

findings, an appellate court cannot substitute its view of the facts for those of the bankruptcy court." (emphasis supplied).  Appellee would be correct if this appeal involved review of fact findings after trial.   To support this novel standard of review from summary judgment, Appellee cites *Gladstone v. Schaefer (In re UC Lofts on 4th, LLC)*, 2015 Bankr. LEXIS 3009 at *22 (other citations omitted), and *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). *Gladstone* was decided after an eight to nine-day trial on insolvency and all other issues in the context of a fraudulent conveyance/preference/equitable subordination adversary proceeding. Findings of fact and conclusions of law were made after a lengthy trial.  The case has not been cited as authority for a new legal standard to review a summary judgment.  The cases cited in *Gladstone* for the standard of review applicable to fact findings all involved trials.  Appellee's citation to *JTS* is equally feckless.  *JTS* involved a trial, not summary judgment.  *In re JTS, supra*, 617 F.3d at 1107.  Judgment was entered following a trial on a number of disputed fact issues, including value.

The Ninth Circuit mandates *de novo* review of a summary judgment.  *Whitman v. Mineta,* 541 F.3d 929, 931(9th Cir. 2008); *see also, Wolkowitz v. Beverly* (*In re Beverly*), 374 B.R. 221, 230 (9th Cir. B.A.P. 2007) (de novo review of bankruptcy court summary judgment).   Appellee has cited an incorrect standard of review.

Summary Judgment requires a determination that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., *supra*, 477 U.S. at 250.  A court may consider evidence as long as it is "admissible at trial."   *Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the evidence's form, but on its content.  *Coe v. Schaeffer,* 2016 U.S. Dist. LEXIS 61365 *17 (E.D. Cal. May 9, 2016) (citations omitted).  *Schaeffer* observed that courts are "sometimes much more lenient with the affidavits and documents of the party opposing summary judgment."  *Id.* (citation omitted).  This Court must be satisfied that the lower

court did "not weigh evidence or assess the credibility of witnesses; rather [the lower court] determines which facts the parties do not dispute then draws all inferences and views all evidence in the light most favorable to the non-moving party." *Anderson v. Liberty Lobby, Inc*., *supra*, 477 U.S. at 255.   This Court must be certain that the lower court properly applied the relevant substantive law.  *Whitman v. Mineta, supra*, 541 F.3d at 931.  These principles inform this Court's de novo review.

The Court should not be distracted by Appellee's false standard of review because the law is settled as to how this Court reviews the Bankruptcy Court's summary judgment.

### III.   ARGUMENT – THIS COURT SHOULD REVERSE THE BANKRUPTCY COURT'S SUMMARY JUDGMENT BECAUSE IT IS CONTRARY TO LAW

#### A.   The Bankruptcy Court Impermissibly Weighed Evidence and Made Creditability Determinations on Summary Judgment Mandating Reversal.

Mr. Weiss admits in his brief at 2:20 and 11;18-19 that the Bankruptcy Court erred in weighing evidence and making creditability determinations on summary judgment.  Appellee is right.

##### 1.   The Bankruptcy Court's Procedure of Weighing Evidence and Evidence and Assessing Credibility is Contrary to Law and Requires Reversal.

"THE COURT: I get to weigh these and it's a self-serving declaration."  (E.R., 1374:5). "I can weigh the evidence appropriately."  "When things are self-serving, I take them as being self-serving if need be."  (E.R., 1368:23-1369:5). That is what the Bankruptcy Court did. That Court stated its belief on the record as to what it could do in deciding Mr. Weiss' motion.  It got it completely wrong.

"In considering summary judgment, the court is not permitted to weigh the evidence; instead, it may determine whether a genuine and material factual issue remains for trial." *Baroni v. Nationstar Mortg., LLC (In re Baroni),* 2015 Bankr. LEXIS 3859 *19 (9th Cir. B.A.P. November 10, 2015) (citing *Wank, supra*; other citations omitted).  "A trial court is not to make credibility determinations when making or denying summary judgment." *Brandon v. Sherwood*

3

*(In re Sann)*, 2016 Bankr. LEXIS 1857 *7 (Bankr. D. Mont. April 28, 2016) (citing *Wank*).  The lower court does not make findings of fact in resolving a motion for summary judgment.  *Heller Ehrman, LLP v. Jones Day (In re Heller Ehrman, LLP)*, 2013 Bankr. LEXIS 889, fn. 2 (Bankr. N.D. Cal. Mar. 11, 2013) (citations omitted). The Bankruptcy Court was not permitted to ignore the law.  Plainly it did so.  This is reversible error that must be corrected.

### 2.    The Bankruptcy Court's Acknowledged Error was Anything but "Harmless"

Appellee supports his conclusion that the Bankruptcy Court's disregard of controlling precedent by weighing evidence to grant summary judgment is "harmless error" by citing only one alleged authority, *Roberts v. Albertson's, LLC*, 464 Fed.Appx. 605, 608 (9th Cir. 2011) (cited by Appellee pages 11 and 12).  *Roberts* has nothing to do with this case.  The District Court in *Roberts*, a products liability case, granted a defense motion for summary judgment, holding that plaintiff had not offered evidence that a home blood pressure monitor distributed and sold by the defendants was defective or that it caused injury.  The plaintiff did not offer sufficient evidence of the defect or that any defect was a substantial factor in causing his injury, because he failed to present evidence that it would have been foreseeable that the defect would cause him to stop taking medication, the gist of his claims.  *Id*., at 608.  The plaintiff's own doctor testified that the natural and logical cause of his injury, a stroke, was his decision to stop taking his medication. *Id*.  The District Court improperly held in granting the defense motion that the plaintiff bore the burden of establishing that *other* factors raised by the defendants did not cause or contribute to his injury after the plaintiff objected to admissibility of evidence relating to these *other* factors.  The appeals court had no difficulty concluding that under the harmless error doctrine, there was no basis for reversal because the plaintiff did not offer sufficient evidence for his negligence or strict product liability claims, such that the District Court's consideration of extraneous factors was harmless and irrelevant to the decision.  Citing *Las Vegas Sands, LLC v. Nehme,* 632 F.3d 526, 534 (9th Cir. 2011), the *Roberts* court stated "[c]onsideration of other factors by the court would

be prejudicial, if excluding them 'would have precluded a grant of summary judgment, or warranted a grant of summary judgment to the other party.'" *Id*.

Appellee obviously does not understand the rule. In our case the Bankruptcy Court is accused of no legal error on appeal by *considering* Aaron Pott's declaration, in stark contrast to *Roberts*. To the contrary, the Bankruptcy Court's error, *after* admitting such evidence over Appellee's objections, was deciding that the Bankruptcy Court was free to ignore that evidence as creating triable issues of material fact by weighing that evidence and assessing credibility on a cold record. No error could be more *harmful*. The Bankruptcy Court's function was to determine whether there was a material fact issue and nothing more. The Bankruptcy Court went beyond its limited role in deciding a summary motion by rejecting the evidence and making credibility determinations. *Roberts* simply highlights the error. Indeed, the harmless error in *Roberts* in considering extrinsic evidence that should have been excluded is the exact opposite of what happened below, where the Bankruptcy Court considered evidence it was *required* to consider but then chose on a cold record to weigh that record and make credibility determinations in violation of United States Supreme Court authority.

> ### 3. Nothing in The Record Supports Affirmance of the Summary Judgment. The Lower Court Could Not Conclude No Reasonably Equivalent Value as a Matter of Law.

The Bankruptcy Court's Judgment is indefensible. Appellee's efforts to defend it in its lengthy narrative starting at page 10 simply focus the Bankruptcy Court's fatal mistake. "Reasonably equivalent value," common elements of the Trustee's claims under Civil Code §§ 3439.04(a), 3439.05 and Bankruptcy Code § 548, and Appellants' defenses under Civil Code § 3439.08 and Bankruptcy Code § 550(b) (*In re AFI, Inc*., 525 F.3d 700, 705-707 (9th Cir. 2008)) could not be resolved by summary judgment.

We analyzed all of the applicable cases including those cited by Appellee below and observed that with one exception of no moment here, all of the cases ruling against the transferee did so <u>after trial</u>. These cases are cited on pages 15, 20, 27 and 28 of our opening brief. Appellee does not discuss or distinguish these cases. Appellee tries to avoid the record and the

law by citing to this Court numerous authorities not cited below which do not change the topical analysis or salvage the Bankruptcy Court's ruling.   In so doing Appellee glosses over the fact that under the state and federal law fraudulent conveyance statutes on which summary judgment was based, one of the conjunctive elements of the Appellee's required proof, in addition to intent, was the absence of "reasonably equivalent value" in exchange for the transfers. This conjunctive element must be shown as a matter of law for the summary judgment on actual and constructive fraudulent transfers to pass muster here.   The Trustee did not demonstrate as a matter of law that the transfers he challenged were made without receiving reasonably equivalent value, another threshold error by the Bankruptcy Court in ignoring Appellants' counter-evidence in order to grant summary judgment.

Appellants contracted with a highly diverse company to expand the brand of one of its assets.  Aaron Pott asked proper questions before he formed a contractual relationship with Walldesign at its request to become its winemaker.   Michael Bello provided responsive and responsible answers.  He provided no reason to challenge the veracity of his representations.  He was the sole owner and principal of Walldesign.   Mr. Pott was privileged to rely on his representations on behalf of Walldesign.  Appellee does not argue differently.  Appellee cited no investigatory obligation that was triggered on any of these facts.   Commerce would come to a grinding halt if arm's length business persons were forced to assume that all representations regarding a transaction were false and required more analysis and investigation.   It is perfectly reasonable for an acclaimed winemaker solicited and hired by a highly diverse and successful company to work to expand its brand.  Appellee's myopic revisionist history applied to Mr. Pott's work, that he was only supervising tastings for Walldesign's employees and customers (e.g. Brief, 14:6-12), a fact standing alone that prevented summary judgment, is betrayed by the record.  Mr. Pott made wines for Walldesign pursuant to his oral contract with Walldesign evidenced by among other things a continuous stream of payments from Walldesign.

It borders on the absurd to believe that using Appellee's test for reasonably equivalent value, several years' worth of contemporaneous monthly payments of $7,000 per month

by a diversified company with 5,000 employees and several hundred million dollars of annual revenue prevented Walldesign from paying its other creditors. The record contains no unblemished evidence to suggest that this conjunctive element of the Appellee's claim was satisfied. Indeed, the record contains no evidence that Walldesign was not paying its trade creditors as their debts came due when it was paying Appellants for their considerable work and services.

Discussing Appellee's cases in turn, Appellants note the following. *Janvey v. Golf Channel, Inc*., 780 F.3d 641, 645 (5th Cir. 2015) is a case decided under Texas law where the transferee produced no evidence of reasonably equivalent value. We distinguished the case below and in our opening brief. Appellee ignores the distinction. And he cited an opinion at page 12 of his brief that he has been vacated.

*In re Prejean*, 994 F.2d 706, 709 n.6 (9th Cir. 1993), cited by the Trustee at 12:18, was a case decided on undisputed facts where the legal issue was whether satisfaction of a time-barred debt is reasonably equivalent value for a transfer preventing the transfer from being avoided under California Civil Code section 3439.04. *Id*., at 707. The case below did not involve a summary judgment. In a footnote the Court of Appeals cited to the Legislative Committee Comments to California Civil Code section 3439.03, note 2 that the definition of value is to be judged from the standpoint of creditors. The case did not hold and nothing in the Legislative Comments suggests that a summary judgment is a proper lens from which to view (and decide) the issue. Appellee next makes the remarkable proclamation at pages 13-15 of his brief that the legal burden on the part of Appellants, assuming for the sake of argument that the Trustee had carried his below, was to quantify the value that was provided to Walldesign through Appellants' undisputed expert and good faith services. Appellee cites two cases for this proposition, *Henshaw v. Field (In re Henshaw)*, 485 B.R. 412, 422 (D. Haw. 2013), and *Serra v. Salven*, 2011 U.S. Dist. LEXIS 113 587, *30 (E.D. Cal. 9/30/2011). Appellants do not understand the reason for the citations because they do not support the proposition for which they are cited let alone the efficacy of summary judgment.

*Henshaw* involved a pure legal issue over a deed that recited that title to real property was held in joint tenancy, and avoidability of individual insider transfers of interests in that property.  The Bankruptcy Court concluded that a quitclaim deed from the debtors to appellants, the parents of one of the debtors married to the other debtor, of valuable real property for essentially no consideration had to be set aside as a fraudulent conveyance under federal and Hawaii law.  The principal issue was whether extrinsic evidence was admissible to vary the plain terms of the joint tenancy deed, i.e., application of the parol evidence rule.  The undisputed facts before the Bankruptcy Court and District Court showed that the debtors transferred properties to insiders worth $260,000 for essentially nothing.  *Henshaw* did not hold that once a burden shifts to a defendant to prove sufficient *indirect* benefit for a transfer that that benefit must be quantified in some fashion.  The parents in *Henshaw* did not come close to meeting their burden.  By contrast, Aaron Pott established that for $7,000 per month, he provided Walldesign with wine making services that *directly* benefitted Walldesign's customers and its employees and discharged Walldesign's obligations to Appellants.  No legal requirement existed for him to somehow quantify further that benefit in terms of dollars beyond the bargained-for monthly consideration which established value, $7,000 per month for Walldesign's Napa brand.

*Salven* is relevant here simply to confirm that the Bankruptcy Court's grant of summary judgment is subject to *de novo* review.  <u>Id</u>., *20.  The transfer involved was a $30,000 payment made by the debtors to a lawyer to defend their son on an attempted murder charge.  The trustee's summary judgment motion was unopposed.  Paying a retainer to a lawyer while insolvent to defend a son's murder case followed by an unopposed summary judgment motion produces no ruling that is binding or persuasive authority on this Court.

Reliance on the *Salven* opinion further exposes the Bankruptcy Court's error here. The *Salven* court noted that the Bankruptcy Code does not define reasonably equivalent value. <u>Id</u>., at 28.  It observed that courts have divided the inquiry into two parts. First the court must determine whether the debtor received any "value" in the transaction.  Second, the court must determine whether the value received was "reasonably equivalent" to what the debtor transferred. <u>Id</u>., at 28-

29, citing Collier on Bankruptcy, p. 548.05.  The court observed further that section 548(d) of the Code defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or a relative of the debtor."  "Transactions that satisfy, discharge or secure all or part of an otherwise legitimate obligation are for "value;" transactions that are gifts or effectively gifts, such as corporate dividends, are not." *Id*.  Here, Walldesign transferred monthly payments to Appellants to satisfy Walldesign's contractual obligation to Appellants.  There was value *per se*.  The Bankruptcy Court in no event was privileged to read out of the prima facie case of the Appellee that element of the statutory test.

*Kriegman v. Wallin Harrison, PLC (In re LLS Am., LLLC)*, 2013 Bankr. LEXIS 5122 (Bankr. E.D. Wash. 12/04/2013), cited by Appellee at pages 13-14 of his brief, provides no legal authority for the proposition that the bargained for contract rate of $7,000 per month between Walldesign and Mr. Pott did not create a triable material fact issue on reasonably equivalent value. *Wallin* was decided on cross-motions for summary judgment and involved pre and post-petition payments to a law firm for services rendered to the debtor and non-debtor entities.  In that case, unlike this case, it was undisputed that the law firm defendant was aware of the debtor's intent to file for bankruptcy with respect to a number of disputed transfers in that case.  *Id*., at *5. Importantly for our case, the Washington Bankruptcy Court correctly observed that "[i]f the Debtor has transferred property within the applicable look-back period, the trustee cannot set aside the transaction under 11 U.S.C. § 548(a) and UFTA if the Debtor received "reasonably equivalent value" or "fair consideration in exchange for the property transferred."  *Id*., at *10.  The Bankruptcy Court in *Wallin* explained clearly how the Bankruptcy Court here made a mistake. Citing cases, the court observed that "if the debtor receives property or discharges or secures an antecedent debt that is substantially equivalent in value to the property given or obligation incurred by him in exchange, then the transaction has not significantly affected his estate and his creditors have no cause to complain.  By the same token, however, if the benefit of the transaction to the debtor does not substantially offset its cost to him, then his creditors have suffered, and… the

9

transaction was not supported by "fair" consideration." *Id*., at 11 (citing *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 991 (2ⁿᵈ Cir. 1981)).  The *Wallin* court further observed, citing the Third Circuit opinion in *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 647 (3ʳᵈ Cir. 1991) that:

> The touchstone is whether the transaction conferred realizable commercial value on the debtor reasonably equivalent to the realizable commercial value of the assets transferred.  Thus, when the debtor is a going concern and its realizable going concern value after the transaction is equal to or exceeds its going concern value before the transaction, reasonably equivalent value has been received.

In *Wallin,* unlike this case, it was undisputed that the plaintiff/trustee had met his burden to show a *prima face* fraudulent transfer based on undisputed facts that when the debtor entity transferred funds to the law firm prepetition to satisfy obligations owed to the law firm by non-debtor entities, the burden of proof shifted to the law firm defendant to produce evidence that the debtor received fair consideration in exchange for the transfers made to benefit non-debtor insiders.  *Id*., at 12-13.  Our case is not a case where transfers were made to benefit non-debtors or affiliates without direct benefit to the debtor.  The transfers were made by the debtor in exchange for services provided by Appellants to the debtor, Walldesign.  Walldesign owed the money to Appellants.  Payments satisfied the claim.  There is no issue there was a claim against Walldesign for the services Appellants provided.  "Claim" is broadly defined in 11 U.S.C. section 101(5) and includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured…."   Appellee has no record citation support for his bald conclusion at page 11 of his Brief that Mr. Pott was working for Michael Bello or Bello Family Vineyard when Mr. Pott's declaration provided admissible evidence that showed exactly the opposite.  The indirect benefits test advocated by Appellee is not even triggered.  The *Mellon* rule is applicable.

Even if this Court disagrees, indirect benefit (i.e., direct benefits provided to a third party that redound to a debtor's benefit) constitutes reasonably equivalent value where economic

benefit has been conferred upon the debtor such that its net worth has been preserved.  *Id*., at 14. The *Wallin* court noted in its memorandum opinion that the record there contained no evidence that the debtor received any indirect economic benefit from prepetition transfers for the benefit of third parties.  There was no evidence that the third parties conducted any business.  There was evidence that the transfers deepened the debtor's insolvency, unlike here.  This is not the case of "one entity satisfying the obligations of the other."  This is a case where Walldesign satisfied its own obligations by making contemporaneous monthly payments in the context of a robust going concern.  Reliance on *Wallin* exposes further the Bankruptcy Court's error.  Reasonably equivalent value can be either direct or indirect in any case.  *In re Cedar Funding*, 2011 Bankr. LEXIS 4572 at *11-12 (Bankr. N.D. Cal. November 22, 2011).

Appellee argues topically on page 3 of his brief, quoting *Donell v. Kowell,* 533 F.3d 762, 777 (9th Cir. 2008) that, with respect to reasonably equivalent value, "[t]he purpose is not to identify binding agreements, but to identify transfers made with no rational purpose except avoid creditors."  (Brief, 2:28-3:3).  Monthly transfers of $7,000 per month by a huge company with no evidence it was not paying its other debts as they came due and no evidence these payments were made for no rational purpose except to avoid paying other creditors cannot as a matter of law without a trial satisfy this Ninth Circuit requirement.

The value provided by Appellants fits squarely within the statutory definition of Civil Code § 3439.03 and 11 U.S.C. § 548. Civil Code section 3439.03 provides in relevant part that "value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied…."  Bankruptcy Code section 548(d)(2)(A) contains the same definition.  The facts in Appellants' declaration are competent evidence of a direct relationship and value.  Appellee misstates the record to avoid this conclusion by claiming that he provided "unchallenged evidence" to which no objection was made that Walldesign did not receive reasonably equivalent value for the monthly payments.  Brief, 13:26-14:5.  Appellants both challenged <u>and</u> disputed the evidence in opposing summary judgment. Appellants argued that the cited evidence was legally inadmissible on several grounds.  (E.R.,

1063:24-1064:3).  Assuming the Bankruptcy Court overruled Appellants' evidentiary objections, there was conflicting record evidence on the value Walldesign received that the Bankruptcy Court could not ignore or weigh but did.

Appellee's patronizing characterizations of the extent of the Appellants' services over time as a de facto event planner (Brief, 15:5-20) badly mischaracterizes the scope of the services Mr. Pott described in his opposition declaration.  The *Cedar Funding* case does not hold that Appellants had to do more to quantify the value to Walldesign other than to describe the negotiated value between Mr. Pott and Walldesign and the consideration provided.  No case holds that Mr. Pott had to go out and get declarations from hundreds or more clients and employees who visited Walldesign's winery assets over a period of years that explained respectively how much more revenue they provided because of the experience or how long they stayed employed to show reasonably equivalent value, let alone a fact question on the element of the Trustee's claim.  Mr. Pott's declaration was more than enough.  No case says differently.

Appellee's repeated claim that Walldesign's payments to Appellants "were made to third parties for the benefit of Bello…" (Brief, 32:14-19) enjoys no record support. Appellee cites E.R. 153 as proof.  It is not.  Pages 154-5 are copies of a signature card.  The record contains no evidence Walldesign's ordinary course of business payments to Appellees were made for the benefit of Michael Bello.  Mr. Pott's declaration contradicts expressly this assertion.  Pages 900-1 of the record also cited by Appellee consistently fails to buttress his conclusion, with italics apparently for emphasis, that the transfers to Appellants were made to hinder, delay or defraud Walldesign's creditors.  (Brief, 23-26).  There is no record support for Appellee's naked assertion that Walldesign's contractual obligations to Appellants were "Bello's personal expenses."  Brief, 34:7.

Walldesign made transfers of monthly payments to benefit Walldesign.  That is what the record showed.  The Bankruptcy Court could not ignore the record by pretending that fact questions were not present in light of Aaron Pott's unchallenged declaration testimony at among other places ¶ 6.  Reasonably equivalent value was a disputed material question of fact.

There is no case authority that supports adjudication of this element of the Trustee's claims, and Appellants' statutory defenses had a claim been shown, by summary judgment.   The Trustee's prolix and collateral analysis does not challenge this point.  He cites no authority that reasonably equivalent value did not exist on this record as a matter of law.  The Bankruptcy Judge admitted she had to contravene longstanding Supreme Court authority to reach that result.

**B.      The Bankruptcy Court Overruled Appellee's Evidentiary Objections in a Formal Order from Which No Appeal is Pending, and Appellee's Redundant Analysis is Patently Wrong.**

The Bankruptcy Court correctly ruled below that Appellee does not understand the hearsay rule.  Appellee's argument to this Court starting at page 15 of his brief raises no new issue assuming the Court is inclined to consider a mythical appeal form the Bankruptcy Court's order overruling the Trustee's evidentiary objections to Mr. Pott's declaration.  Because no appeal has been filed from that order there is no purpose in discussing standards of review as the Trustee has done at page 16 of his brief.

Apparently, what the Trustee meant to argue on appeal is that the Bankruptcy Court should not have considered Mr. Pott's declaration testimony cited in bold in the brief at 17:4-20 because the Trustee labels the testimony as "textbook hearsay" under Federal Rule of Evidence 801(c) on the issues of reasonably equivalent value and Appellants' contract with Walldesign which gave rise to that value.  The Trustee also pejoratively concludes with no analysis that Mr. Pott's declaration "is littered with Bello's hearsay statements that are Appellants' only "evidence" that Walldesign received "reasonably equivalent value" in exchange for the Preferred Transfers." Brief, 18:1-4 (footnote omitted).   The Bankruptcy Court properly disagreed with these characterizations.  Appellee has identified none of the "litter" and his conclusory and offensive remarks dignify no further response.  The Trustee also misses the mark by claiming that Mr. Pott's testimony was germane only to affirmative defenses (Brief, 18:3-4).  The testimony was relevant to the elements of Appellee's case in chief.  In particular, "reasonably equivalent value" is an element common to all of his claims, as well as the defenses to them.

Mr. Pott's declaration satisfies the personal knowledge requirement to be admissible under Rule 56(e) of the Federal Rules of Civil Procedure. He has personal knowledge of his dealings with Walldesign and Michael Bello as its sole principal and the value that his services provided to Walldesign over a period of years. The Trustee does not appear to contend differently in his brief. His repetitive nit is over the hearsay rule.

Hearsay is defined as an out of court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. An admission by a party opponent is not hearsay under Federal Rule of Evidence 801(d)(2). To qualify as an admission by a party opponent under Rule 801(d)(2), the statement must be:

> (A) party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject,… In addition, what otherwise might be characterized as hearsay evidence is otherwise admissible under a specific exception to the hearsay rule set forth in Rules 803 and 804 or under the residual exception found in Rule 807.

Even if Mr. Pott had not testified about his oral agreement with Walldesign, he was competent and did not offer hearsay evidence to testify as to the *value* that he provided to Walldesign. The *Donnell v. Kowell* case, *supra*, 533 F.3d at 777 cited by Appellee at 3:1-3 of his brief confirms that as a matter of law it is not necessary to identify a binding agreement for purposes of assessing reasonably equivalent value in a fraudulent transfer context. Mr. Pott described in detail based on his own experiences and knowledge and expertise the work he performed for Walldesign as a winemaker. He provided the context to his contract with Walldesign, an oral agreement that by definition cannot be proven by a written agreement. His conversations with Michael Bello explain how and why he came to contract with Walldesign, relevant to, among other issues, good faith assuming the Trustee had made out a case as a matter of law. The fact that Mr. Bello told Mr. Pott that he was the sole owner of Walldesign, a company that owned a vineyard in Rutherford is entirely consistent with the Trustee's evidence noted in his Brief at 6:12-14.

14

The challenged testimony is not hearsay and otherwise qualifies as an exception to the hearsay rule if it is hearsay.

The challenged testimony is not hearsay because Mr. Bello's statements were made in a representative capacity. Mr. Pott offered his own testimony, and the payment records of Walldesign to establish reasonably equivalent value, no fraudulent intent, and good faith if the record required analysis of his defenses.  Mr. Bello's statements were not offered for any proscribed purpose.   The statements of Mr. Bello were adopted because Walldesign paid for Appellants' services by checks that form the gravamen of Appellee's claims.  Mr. Bello was the only authorized person to speak on behalf of Walldesign.  As president, chief executive officer and sole shareholder, he was privileged to make the representations concerning the scope of Walldesign's business.  The challenged testimony highlighted in bold print is not hearsay under Rule 801(d)(2) of the Federal Rules of Evidence.  Nothing in the non-binding opinion cited by Appellee on page 18 at footnote 9 changes this conclusion. The Bankruptcy Court in any case was obligated to consider and did consider this evidence in ruling.  The cancelled checks from Walldesign that established its contractual relationship with Appellants are business records under Rule 803(6) of the Federal Rules of Evidence.  The testimony is subject to a further exception under Rule 804(b)(3) of the Federal Rules of Evidence as a statement against interest.  To be sure, Appellee's theme is that Mr. Bello and or Bello Family Vineyard was the owner of the businesses to which Appellants provided services.  Brief, 1:16-18.  Mr. Bello's own economic interests were not enhanced by his honest admissions to Mr. Pott that Walldesign was the owner and the contracting party.

Rule 807 of the Federal Rules of Evidence also validates the testimony.  Mr. Bello's statements to Mr. Pott as testified to by Mr. Pott are completely trustworthy.  Mr. Pott was a highly valued winemaker who would not work for a start-up or an individual.  He explained in his declaration the colloquy that satisfied him that he was contracting with a robust company who offered to hire him.  His recall was detailed and never challenged.  The fact that Mr. Pott contracted with Walldesign and the circumstances surrounding that contract and contact are relevant

15

admissible evidence and probative on reasonably equivalent value, fraudulent intent, and good faith.  The Bankruptcy Court properly admitted this testimony because it promoted the purposes of the rules and served the interest of justice.  Unfortunately, the Bankruptcy Court then weighed the evidence which it could not do but its evidentiary ruling was correct.

### C. There was No Proper Basis for the Bankruptcy Court or this Court to Disregard Aaron Pott's Declaration on Expediency or Any Other Grounds.

Mr. Pott's declaration could not be disregarded as self-serving.  The Trustee's argument on point is meritless.

*Anthony v. Nigro*, 784 F.3d 495 (9th Cir. 2015), cited by the Trustee on page 18 of his brief for the proposition that this Court can still affirm the summary judgment despite the Bankruptcy Court's error because a self-serving declaration does not always create a genuine issue of material fact for summary judgment has no application here.  The Ninth Circuit observed that a District Court "can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."  *Id*., at 496.  Even the Trustee does not argue that Mr. Pott's declaration states only conclusions and not facts to trigger application of any such rule.  Reliance on *Nigro* (the correct cite is *Nigro v. Sears, Robuck & Co*, 784 F.3d 495 (9th Cir. 2015)) is more than curious.  The Ninth Circuit in a disability discrimination case reversed a summary judgment against the employee plaintiff based on the employee's self-serving evidence.  The Circuit noted that "declarations are often self-serving, and this is properly so because the party submitting it would use a declaration to support his or her position."  *Id*., at 497 (citation omitted).  In language directly applicable here, the Circuit held that the lower court "may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature."  *Id*., (citation omitted).  The discussion cited by the Trustee at footnote 10 of his brief concerning the Bankruptcy Court's fallacious view of its role on a summary judgment motion makes our point.

Appellee has no binding authority that the Bankruptcy Court could not as it did consider Mr. Pott's declaration as admissible evidence.   Appellee cites no Ninth Circuit authority that Mr. Bello's statements assuming for the sake of argument offered for the truth of the matter

asserted, were not admissible because the Bankruptcy Trustee succeeded to Mr. Bello's corporation. *Kesey, LLC v. Francis,* 2009 U.S. Dist. LEXIS 28078 (D. Or. 04/03/2009), cited by Appellee in his brief at page 18, footnote 9 does not preclude admissibility of Mr. Pott's testimony about his nascent discussions with Mr. Bello. The case has not been cited with approval in the Ninth Circuit. The case was discussed in *Wolff v. Padja, Inc.,* 2016 U.S. Dist. LEXIS 6302 (D. Or. 01/20/2016) where that court held that a statement of a decedent brought on her behalf by her estate was admissible as an admission by a party opponent under Rule 801(d)(2). Mr. Bello's remarks to Mr. Pott to induce him to contract with Walldesign are of the same ilk.

Appellee argues that the Bankruptcy Court committed "reversible error" by overruling his evidentiary objections to the Pott declaration. He has no right to reargue on appeal that the Bankruptcy Court made a legal error in considering Appellants' opposing evidence given his failure to challenge the Bankruptcy Court's ruling. This Court does not provide a second bite at the apple.

### D. Mr. Pott's Declaration Does Not Contravene FRCP 37(c)(1) and Appellee Waived this Argument by Never Raising It.

Of a similar ilk is Appellee's newly minted argument starting on page 20 of his Brief that under Rule 37 of the Federal Rules of Civil Procedure, the Bankruptcy Court was not privileged to consider Mr. Pott's declaration testimony regarding his contract with Walldesign in the context of a reasonably equivalent value analysis. Appellee never argued below that Rule 37 applied to prohibit consideration of any evidence including Mr. Pott's declaration. Appellee filed two summary judgment reply briefs, and he filed evidentiary objections to Mr. Pott's declaration. (E.R., 1286-1291). Appellee did not move to strike Mr. Pott's declaration under Rule 37 of the Federal Rules of Civil Procedure. He did not file a motion to strike any opposition papers based on his contention now. Appellee did not argue in his briefs or evidentiary objections that Appellants were precluded from defending based on the existence of an oral contract that showed reasonably equivalent value on its face, a pleaded defense. He argued no prejudice. These contentions now are specious. Appellee himself cited the rule of law in footnote 14 of his answering brief on page 24. Because Appellee did not object to the evidence below under Rule

37, his argument is waived on appeal. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 879-880 (9th Cir. 2000) (failure to make a specific evidentiary objection waives the right to assign error on appeal). And of course there is no cross-appeal pending.

### E.    Appellants Have Not Shifted Facts or Made Inconsistent Arguments on The Core Issues in this Matter.

Appellee's recriminations at pages 22 and 23 of his brief about so-called shifting facts and legal argument are not coherent legal arguments to support the summary judgment. Besides this argument never having been raised below, the contention that Appellee was surprised by the oral agreement contention is unavailing. The interrogatory responses cited by Appellee in his Brief at 20:23-24 answer the question about reasonably equivalent value. The actual existence of an oral agreement specified in those terms does not need to be stated to make the interrogatory response complete. Obviously there was a contract between Walldesign and Appellants giving rise to the monthly consulting fee. The details surrounding the inception of that agreement were and are contextual and did not "shift" facts or add new theories.

Appellee's second "question" at 22:16-21 is not a legal argument. There is no issue about the existence or non-existence of a proof of claim and under 11 US.C. § 101(10), creditor status is not dependent on filing a proof of claim.

Appellants' arguments about the fact and legal questions concerning the Preferred Account are part of Appellants' denials and defenses and are consistent with the principal arguments that fact questions on the elements of the claims which were asserted against them abounded and precluded summary judgment. Whether Appellants were the "initial transferees" or mediate transferees of the payment made by Walldesign is not inconsistent let alone sufficient to justify application of principles of judicial estoppel which is at bottom what Appellee argues without any citation to binding authority.

### F. The Bankruptcy Court in Any Event Committed Clear Error in Ruling as a Matter of Law That the Preferred Transfers Were Actual Fraudulent Transfers.

As we have discussed, reversal is mandated by the Bankruptcy Court's stunning procedural error and its related reversible conclusion that the Trustee had shown no reasonably equivalent value as a matter of law. These were not the only mistakes the lower court committed.

#### 1. The Bankruptcy Court Could Not Determine Actual Fraudulent Intent on this Record and Few Courts Have Ever Done So in General.

Appellants cited a number of case authorities holding that fraudulent intent in a fraudulent conveyance context based on badges of fraud cannot be resolved by summary judgment except in the most egregious cases. The facts of our case cannot and do not as a matter of law eliminate fact questions on intent. There is no irrefutable evidence that no rational person could believe that Walldesign, by making monthly payments of a mere $7,000 per month to Appellants in exchange for services provided, per se showed intent to defraud *other* creditors. Appellants were not insiders. They were hired by Walldesign. They performed services beneficial to Walldesign. There were paid no lump sum transfers. There was no mutually exclusive relationship between regular monthly payments to a vendor such as Appellants and not paying the government.

Appellee cites no authority to support a conclusion that as a matter of law the actual fraudulent intent element of an actual fraudulent transfer claim can be adjudicated on summary judgment by resorting to the "badges of fraud." Appellee's analysis on page 26:21 through 28 line 4 is barren of any relevant authority. *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221 (9th Cir. B.A.P.) does not support the Trustee. The case has nothing to do with Walldesign. A Chapter 7 trustee sued the debtor and his former spouse in an individual case to recover the debtor's share of non-exempt funds the debtor transferred through a marital settlement agreement. The case involved "a lawyer, anticipating a large judgment on a community debt, [using] a marital settlement agreement…in his pending divorce to shoulder the debt but stripped himself of assets with which to pay the debt. Colluding with his spouse, he transferred his interest in $1MM of non-exempt funds in exchange for her interest in his $1.1MM exempt retirement fund." *Id*., at 227. Summary judgment was proper on actual fraudulent intent because the case presented a "paradigm

case of actual intent to hinder, delay or defraud creditor." _Id_.  The record was replete with "an extraordinary amount of direct evidence of the requisite intent, as well as circumstantial evidence of "badges of fraud." _Id_., 236.  The case involved a transfer to an insider.  It followed litigation against the transferor.  The transfer was of substantially all the debtor's assets.  The BAP simply held that the transfer of assets through a marital settlement agreement could be an avoidable transfer under 11 U.S.C. § 544(b) and California Civil Code § 3439.04 and was in that case.  Our case has no "extraordinary amount of evidence" of the requisite intent for an actual fraudulent transfer case.  There is no evidence of actual intent that Walldesign's payments to Appellants were made with the requisite scienter.  None of the undisputed evidence of the badges of fraud in _Beverly_ are present on the record in this case.  No doubt this helps explain why the Trustee ignored Appellants' legal authorities that actual intent is a fact question reserved for a trial court or jury.  See, e.g., _Slater v. Bielsky_, 183 Cal.App.2d 523, 527 (1960); _Greenspan v. Orrick, Herrington & Sutcliffe LLP (In re Brobeck, Phleger and Harrison LLP)_, 408 B.R. 318, 340 (Bankr. N.D. Cal. 2009) (citation omitted).   The general rule of law the Trustee cites at 27:25-26, that in most cases summary judgment is inappropriate for claims requiring knowledge of fraudulent intent states the rule that should have been applied in this case.

### 2.    The Bankruptcy Court Could Not Decide Insolvency on Summary Judgment.

Appellee is wrong in arguing there was no conflicting evidence about insolvency, an element of his case in chief for constructive fraudulent transfers and one of the enumerated "badges of fraud" under the UFTA.  Appellee devotes approximately five sentences to his topical analysis on page 28.  An expert report was juxtaposed against audited financial statements with very different results.  There was no record evidence produced by Appellee that when Walldesign was making its $7,000 per month payments to Appellants, it was generally not paying its other debts as they came due.

Appellee's reliance on _Arrow Elecs., Inc. v. Justus (In re Kaypro)_, 218 F.3d 1070, 1070 (9th Cir. 2000) to support the Bankruptcy Court's ruling as a matter of law is unhelpful to him.  The Bankruptcy Court is _Kaypro_ held a <u>trial</u> on the issue of insolvency in the context of a

preference lawsuit.  *Id*.  The Bankruptcy Court's post-trial finding of fact on insolvency following consideration of audited financial reports, 10-Q statements, and the testimony of two experts was not clear error.  *Id*., at 1076-1077.  That there is no generally acceptable accounting principle for analyzing the insolvency of a company (*Id*., at 1076) is the point.  As shown in *Kaypro*, this is an issue of fact to be resolved at trial.  The only published case in this Circuit that discusses *Kaypro* on point, *In re Flashcom, Inc. v. Communs Venture, III, LP (In re Flashcom, Inc.)*, 503 B.R. 99, 121 (D.C. Cal. 2013) involved insolvency findings after trial.  *Kendale v. Sorani (In re Richmond Produce Co.)*, 151 B.R. 1012, 1019 (Bankr. N.D. Cal. 1993), cited by Appellee at 35:17-20 changes nothing.  Insolvency was decided in that case after trial.  That the Court declared that "generally accepted accounting principles do not control the determination of solvency in a trustee's avoidance action (citations)," does not mean the issue of insolvency here was properly resolved by summary judgment.  The context of the quote was the Bankruptcy Court's analysis "under the facts presented here" of whether good will and organization expense should be considered measured against the fact metric of "to what extent an asset would have value for a creditor attempting to satisfy its claim."  *Id*.  The Bankruptcy Appellate Panel opinion in *Kaypro, supra,* declared that GAAP is relevant in insolvency determinations.  230 B.R. 400, 413 (9th Cir. BAP 1999), aff'd in part, rev'd in part, 218 F.3d 107 (9th Cir. 2000).  Mr. Solomon's expert report on which Appellee relies to explain the absence of a fact question standing alone raises fact questions.  To be sure, Mr. Solomon in his report nowhere states that Walldesign was not paying its debts as they came due when it was paying to Appellants the agreed $7,000 monthly payments.  The only default that Mr. Solomon identified in his report was a covenant default to Comerica Bank.  (E.R., 915).  Mr. Solomon simply and wrongly assumed that "any transfers for wine and tobacco" "are for the personal benefit of Michael Bello and not Walldesign."  (E.R., 933).  There was no record evidence that this was in fact the case.  Mr. Pott's declaration contradicts expressly any inference that Walldesign's business relationship with Appellants was any sort of ruse to benefit Mr. Bello.   The Trustee's discussion ignores the Bankruptcy Court's casual error of avoiding pre-October 30, 2008 payments to Appellants, discussed in our brief at page 21.

### G.   The Bankruptcy Court Erred In Adjudicating Away Appellants' Defenses on Summary Judgment Assuming the Trustee Had Made Out His Affirmative Claims.

Appellee has two arguments here.  He first argues that, with respect to the federal defense under 11 U.S.C. section 550(b)(1), Appellants were the "initial transferees" with strict liability.   Both parties have briefed this issue on appeal extensively.   We stand by our analysis and observe the Court need not reach this issue if it reverses for any of the other reasons we have urged with fulsome citations of authority and to the record.   Second, Appellee argues that the statutory "good faith and reasonably equivalent value" defense under Civil Code section 3439.08(a) and under section 550 if it applied was properly culled by the Bankruptcy Court on summary judgment.  Appellee is wrong.  The State law defense in any case was applicable to the state law claims without regard to the *Mortgage Store* issue and the Bankruptcy Court obviously misapplied the law in ruling against Appellants on this issue.

The Bankruptcy Appellate Panel for the Ninth Circuit recently surveyed the cases and held that the issues of reasonably equivalent value and good faith are inherently factual questions.  In *Golden v. Clay Lacy Aviation*, Inc., *(In Aletheia Research & Mgmt.)*, 2015 Bankr. LEXIS 4145 (9th Cir. B.A.P. 12/10/2015), the Panel reversed a Bankruptcy Court order dismissing on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a trustee's complaint to recover as constructive fraudulent transfers under § 544(b), 548(a)(1)(B) and California Civil Code § 3439 over $5MM paid by the debtor for flight-related services.  The trustee alleged that 126 transfers of funds for flights were made without the debtor receiving reasonably equivalent value but instead were taken for the benefit of the debtor's insider.  The Bankruptcy Court dismissed without leave to amend.  The Panel reversed.  After observing at *17 the similarity of the elements under federal and California law, namely a debtor not receiving a reasonably equivalent value and insolvency, the Panel surveyed a number of cases involving direct contracts between a debtor and a service provider.  *Id.,* at *18.  The cases so surveyed and discussed uniformly were resolved after trial.  *Id*., at *20-23.  It cited with approval the rule announced in

*Lawrence v. Bonadio Insero & Co. (In re Insero Sys. Inc.),* 202 B.R. 188 (Bankr. W.D.N.Y 1996) as follows:

> Certainly, if the facts and circumstances indicate that a payment of professional fees or other expenses by a corporation was for services or goods which solely benefitted a third party,…and had no reasonable, good faith business judgment benefit to the corporation, that payment would be avoidable under Section 548 because of a lack of reasonable equivalent value, if all of the other requirements of that Section were met…however, when in the exercise of reasonable, good faith business judgment, there is a perceived financial benefit to the corporation which justifies the fees or expenses paid, as in the case of the sale to UDI, unless the Trustee meets his or her benefit to prove that there was no benefit, or substantially and reasonably quantifiable disproportionate financial benefit, the payment of professional fees to the professionals or others who performed the services or provided the goods at the request of the corporation and charged a reasonable rate is not avoidable as a fraudulent conveyance under Section 548(a)(2)(B)(I). *Id*., 22-23.

The Panel noted that the recipients of such transfers are entitled to plead and prove affirmative defenses including reasonable equivalent value and that resolution of such defenses in the context of a motion to dismiss is improper. *Id*., 23-24 (citations omitted). It clarified that the requirement under California's UFTA that reasonably equivalent value is determined from the standpoint of the creditors, and under federal law where the analysis is directed at what the debtor surrendered and what the debtor received is "on the net effect of the transaction on the debtor's estate and funds available to the unsecured creditors. *Id* (citing *Prejean, supra*; other citations omitted).

The Panel's analysis confirmed that these are fact questions dependent on the circumstances of the transactions that cannot be resolved by summary judgment. We have explained why the Bankruptcy Court erred in granting summary judgment on the issue of reasonably equivalent value. The analysis applies to the Trustee's affirmative claims and Appellants' defenses. Good faith is the same. There is no way on this record good faith could be found lacking as a matter of law. The *Brincko* federal opinion cited in our opening brief at page 20 holds that good faith is a fact question that cannot be resolved by summary judgment. The Trustee did not discuss that case in his Brief.

The cases cited by Appellee on page 44 of his brief all are inapposite.  They are not summary judgment cases or, in the case of *Heller Ehrman, LLP v. Jones Day, supra,* 2013 Bankr. LEXIS 889), good faith was undisputed.  *Id*., at *50.  Judge Montali explained in his opinion in that case with respect to the other elements of the defense under § 550(b)(1) of the Bankruptcy Code that a party has knowledge that a transfer is avoidable if the transferee knows the transfer is the result of actual fraud, or knows facts that would lead a reasonable person to inquire further as to the avoidability.  To possess knowledge of the avoidability, the transferee must have knowledge of sufficient facts that put the transferee on notice that the transfer might be avoidable or requires further inquiry.  *Id*., at 52 (citing cases).  *Heller* of course involved nothing like our case, in that the issue was application of state law to transfer of a defunct law firm's legal matters to another law firm.  Based on Mr. Pott's declaration that he asked all the right questions and received answers satisfactory to any objective person that his business relationship with Walldesign was legitimate and free of any red flags, designed to advance the interests of his client, for this Court to hold that there was no fact question on the issue of good faith is to impose a legal duty of prescience and an obligation to distrust every representation made in the course of an arm's length negotiation.  That is not the law.  No case so holds.  The fact that Mr. Pott as an accommodation agreed to accept a few payments after contracting with Walldesign from Bello Family Vineyard to help it establish credit does not eliminate a fact question on good faith notwithstanding the Trustee's sarcasm at page 45 of his brief.

Appellee's reliance *In re AFI Holding, Inc.,* 525F.3d 700, 707 (9th Cir. 2008) (Brief, 43:24-28) to support the lower court's ruling, assuming arguendo a claim for avoidance was made as a matter of law, by arguing that the statutory good faith defense available under Civil Code § 3439.08 could be eliminated as a matter of law on this record is remarkable.  The case affirmed District Court *reversal* of a Bankruptcy Court summary judgment on inapposite Ponzi scheme facts that the good faith exception was barred as a matter of law.  *Id*., at 708.

The Bankruptcy Court's error in adjudicating away Appellants' defenses as a matter of law is patent and cumulative to its other errors.

**H.     The Bankruptcy Court Abused Its Discretion in Denying a Continuance.**

Cases deserve to be tried on the merits.  Parties have a right to discovery to present their case.  The Bankruptcy Court should have continued the hearing.  Appellee has not discussed the cases or analyses Appellants cited on point.  Perhaps the omission reflects the recognition of the need to reverse the summary judgment on the merits. That is what the Court should do here. It does not reach this argument if it does so.

**IV.     CONCLUSION**

The Court should reverse and remand.

Respectfully submitted,

LAW OFFICES OF DAVID M. WISEBLOOD

DATE:  June 27, 2016          By  /s/ David M. Wiseblood
                                          David M. Wiseblood
                                          Attorneys for Defendants and Appellants,
                                          Aaron Pott and Huis Clos Consulting, LLC